J-S09013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JACOB AMENUVOR :
:
Appellant : No. 2868 EDA 2019

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001859-1999

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                         **FILED MAY 01, 2020**

Appellant, Jacob Amenuvor, appeals *pro se* from the order denying his

third petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this

case as follows:

On November 29, 2000, following a jury trial, [Appellant]
was found guilty of Robbery, Murder in the Second Degree, two
counts of Recklessly Endangering Another, Criminal Trespass and
Firearms Not to be Carried Without a License.  [Appellant] was
sentenced on January 31, 2001 to life plus an additional thirteen
and a half to thirty years incarceration.  Then President  Judge
Ronald E. Vican denied [Appellant's] Post-Trial Motions on January
29, 2001[,] and Motion for Reconsideration of Sentence on
February 12, 2001.    [Appellant] directly appealed to the
Pennsylvania Superior Court, which affirmed the [judgment of
sentence] on July 1, 2002.  Subsequently[,] the Pennsylvania

_____

[*] Retired Senior Judge assigned to the Superior Court.

Supreme Court denied [Appellant's] Petition for *Allocatur* on June 26, 2003. Thereafter, [Appellant] had filed an "Application for Leave to File Original Process, Application for Relief" with the Pennsylvania Supreme Court. On July 29, 2004, the Pennsylvania Supreme Court granted leave to File Original Process and denied the Application for Relief.

[Appellant] filed his first *pro se* PCRA Petition on July 6, 2004, arguing ineffective assistance of counsel. However, then President Judge Ronald E. Vican dismissed this first PCRA on July 9, 2004 as prematurely filed, because jurisdiction was with the Pennsylvania Supreme Court based on [Appellant's] pending "Application for Leave to File Original Process, Application for Relief."

In light of the former, on July 30, 2004, [Appellant] proceeded with his original PCRA, via a Motion for Reconsideration, which was denied on August 16, 2004. [Appellant] appealed the denial to the Superior Court, which reinstated [Appellant's] PCRA Petition and remanded for appointment of PCRA counsel on May 12, 2005. The PCRA [c]ourt appointed counsel on August 16, 2005 and an amended Petition was filed by PCRA counsel on October 24, 2005. The PCRA [c]ourt denied [Appellant's] first counseled PCRA on February 16, 2006 and [Appellant] appealed. The Pennsylvania Superior Court affirmed Judge Vican's decision on November 14, 2006 and the Pennsylvania Supreme Court denied the Petition for *Allocatur* on April 27, 2007.

[Appellant] pursued *habeas [c]orpus* relief in the federal courts to no avail. [Appellant] then filed his second PCRA Petition on July 8, 2008, arguing a timeliness exception under 42 Pa. C.S. § 9545(b)(1)(iii) for ineffective assistance of counsel. Notwithstanding [Appellant's] argument, then President Judge Ronald E. Vican notified [Appellant] of [h]is intention to dismiss the petition without a hearing for untimeliness. Ultimately, then President Judge Ronald E. Vican dismissed the Petition on October 2, 2008 as untimely and as involving the same issues determined adversely to [Appellant] on February 16, 2006. The Superior Court affirmed [h]is holding on June 26, 2009. The Pennsylvania Supreme Court denied [Appellant's] Application for Reconsideration on February 25, 2010. [Appellant] then filed the instant PCRA Petition on January 2, 2019.

PCRA Court Opinion, (Notice of Disposition without Hearing) 2/7/19, at 1-2.

The PCRA court issued its notice of intent to dismiss the PCRA petition without

a hearing pursuant to Pa.R.Crim.P. 907, on February 7, 2019.

In its Pa.R.A.P. 1925(a) statement, the PCRA court provided the

additional procedural history of this case:

> By way of further explanation of the procedural history, Appellant improperly appealed his [third] PCRA to the Superior Court on March 1, 2019, before we issued a final determination of his petition. In response, the Superior Court quashed same by order dated August 26, 2019, stating that "the PCRA Court has not entered an Order finally disposing of his PCRA petition. Consequently, we lack jurisdiction over this appeal." See Com. Amenuvor, 633 EDA 2019, Super. Ct. Order, August 26, 2019, p.2.

> Thereafter, this [c]ourt issued a final order dated September 1[6], 2019 denying Appellant's PCRA. Appellant filed the current appeal on October 3, 2019.

> By order of this [c]ourt dated October 4, 2019, Appellant was required to file a concise statement clarifying the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

> Appellant filed his 1925(b) statement timely on October 24, 2019.

PCRA Court Opinion, 11/22/19, at 1.

Appellant presents the following issues for our review:

> Whether Appellant "plead in the petition and proved that one of the ex[]ceptions applies. 42 Pa.C.S. §9545(b)(1)." Com. v. Beasley, 741 A.2d at 1261 (Pa. 1999). If so,

> Whether "A fact . . . is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." Com v. Watts, 23 A.3d at 986-987 (Pa. 2011)?

Whether Appellant filed a meritorious response to the court's Pa.Crim.P. 907 Notice 2/7/19 pg.4, on 2/25/19 mislabeled response §1925(b) statement, court received 3/1/2019?

Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented.[2]  42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant initially was sentenced on January 31, 2001.  Appellant's judgment of sentence was affirmed on July

---

[1]  The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Although applicable to Appellant's instant petition, the change in the law from sixty days to one year does not alter our analysis.

1, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on June 26, 2003. *Commonwealth v. Amenuvor*, 808 A.2d 240, 776 EDA 2001 (Pa. Super. filed July 1, 2002) (unpublished memorandum), *appeal denied*, 825 A.2d 1259, 807 MAL 2002 (Pa. filed June 26, 2003). Appellant did not pursue an allowance of appeal to our United States Supreme Court. As such, Appellant's judgment of sentence became final for PCRA purposes on September 24, 2003, when the ninety-day appeal period expired for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Supreme Court Rule 13. Therefore, Appellant had to file the current PCRA petition by September 24, 2004, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until January 2, 2019. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42

Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Appellant appears to be arguing that the exception under Section 9545(b)(1)(ii) applies in this case. Appellant's Brief at 8. Appellant argues that he did not know that a specific jury instruction had been given at his trial until he later read about it on December 28, 2018. ***Id.*** Specifically, he asserts that he "did not know that Pa.S.S.J.I.§15.2501C was given at trial until after reading Advisory Committee Note To 'See Instruction §15.2501C' then researching and reading §15.2501C the same day 12/28/18." ***Id.*** (verbatim). Thus, Appellant argues these are "newly discovered facts." ***Id.*** at 9.

This Court has stated the following in outlining the exception under Section 9545(b)(1)(ii):

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citations omitted).

We first note that Appellant has failed to demonstrate that he did not know the facts upon which he based his petition. Appellant argues that the

- 7 -

newly discovered facts are his discovery that a particular jury instruction was read at his trial in November of 2000. Appellant would have been aware of the reading of that jury instruction at that time. Moreover, if he was not aware of the reading of that instruction at his trial, for whatever reason, we cannot agree that he could not have discovered that "fact" with the exercise of due diligence. Accordingly, Appellant has failed to establish the newly discovered facts exception to the PCRA time-bar.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2020